UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>Petitioner,<br><br>v.<br><br>YOLO COUNTY SUPERIOR COURT,<br><br>Respondent. | No. 2:23-cv-02885-TLN-CKD<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state pretrial detainee confined at Atascadero State Hospital, is proceeding pro se, in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.[1]  Also pending before the court are petitioner's motions to proceed in forma pauperis and a motion for injunctive relief.  ECF Nos. 3, 4 9.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of this action.  ECF No. 4 at 1-2.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

/////

/////

/////

---

[1] After filing the habeas application, petitioner was transferred to the Monroe Detention Center in Woodland, California and then to Patton State Hospital where he is presently confined.

1

**I.  Factual and Procedural Background**

Petitioner is a pretrial detainee in state custody who is challenging three felony charges stemming from events that occurred on February 15, 2023.[2]  At an unspecified point during his state court proceedings, a doubt was declared about petitioner's competency and a psychiatric evaluation was ordered.  As a result, petitioner was transferred to the Department of State Hospitals for further evaluation and mental health treatment.  In his § 2254 application, petitioner asserts that he was sentenced to serve two years on March 27, 2023.  ECF No. 1 at 1.  However, Yolo County Superior Court records indicate that a trial has yet to be conducted based on petitioner's ongoing mental health treatment.[3]

Petitioner raises four claims for relief in his § 2254 petition.  First, he asserts that the state court denied him federal benefits and discriminated and retaliated against him by using California Penal Code §§ 1367-1370 as punishment when he tried to refuse medication.  ECF No. 1 at 5.  In claim two, petitioner asserts that the state court violated the Americans with Disabilities Act of 1990.  ECF No. 1 at 7.  Next, petitioner raises a First Amendment violation asserting that he was denied access to the courts.  ECF No. 1 at 8.  Lastly, petitioner asserts that his Fourteenth Amendment rights were violated because the state court acted with deliberate indifference to his serious medical needs.  Id. at 10.  His last claim for relief also alleges that excessive force was used against him on an unspecified date.  Id.

Petitioner acknowledges that he has not properly exhausted these claims in state court.  ECF No. 1 at 12.  However, he submits that the exhaustion of state court remedies should be excused in his case because he is incompetent to stand trial or to represent himself under California Penal Code § 1370.

The habeas petition requests various forms of relief including: 1) a declaratory judgment;

---

[2] Petitioner asserts that he was charged with escape or attempted escape from jail and two counts of resisting an executive officer by means of threats, force, or violence.

[3] This court takes judicial notice of the online docket of the Yolo County Superior Court pursuant to Rule 201(b)(2) of the Federal Rules of Evidence.  People v. Bennett, Case Number CR2023-0488 (Yolo County Superior Court), available at https://tinyurl.com/3pt34d4v.  The court may properly take judicial notice of state court dockets, including those found on the internet.  Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (footnote and citations omitted).

2) injunctive relief; 3) the appointment of counsel or a guardian ad litem; 4) compensatory and punitive damages; 5) the termination of the pending criminal case against him; and, 6) a stay of proceedings in order to exhaust his state court remedies.[4]  ECF No. 1 at 15, 26.

## II.     Legal Standards

Federal courts cannot interfere with pending state criminal proceedings absent extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401 U.S. 37, 45-46 (1971).  Abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issues.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994); Kenneally v. Lungren, 967 F.2d 329, 331–32 (9th Cir. 1992).  If all three of these factors are met, the federal court must abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are extraordinary or special circumstances which pose an immediate threat of irreparable injury.  See Kenneally, 967 F.2d at 331; Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases involving harassment by state officials, prosecutions undertaken "in bad faith that have no hope of obtaining a valid conviction," or where "irreparable injury can be shown.").

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

## III.     Analysis

As an initial matter, the court construes petitioner's habeas application as one filed

---

[4] Petitioner also requests that this court convert his habeas petition into a civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 1 at 21.

3

pursuant to 28 U.S.C. § 2241 which is the proper procedural vehicle for challenging pretrial confinement in the absence of a final state court judgment.  See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003).

Furthermore, under Rule 4 of the Rules Governing Section 2254 Cases, which are equally applicable to § 2241 petitions[5], the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  The court has conducted that review and recommends summarily dismissing petitioner's habeas corpus application because federal court intervention is not warranted in light of the ongoing state criminal proceedings.

In this case, the court concludes that abstention pursuant to Younger is warranted.  First, it is apparent from the face of the petition that state criminal proceedings were ongoing when the habeas petition was filed.  See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988). Secondly, the ongoing state proceedings involve an important state interest since they concern the application of criminal law.  Lastly, the ongoing state proceedings provide petitioner the opportunity to challenge the legal sufficiency of the criminal charges against him.  Moreover, the allegations in the habeas petition do not demonstrate that this is an extraordinary case justifying an exception to the Younger abstention rule.  Petitioner does not explain any irreparable injury to his criminal case that will occur if this court does not review his § 2241 petition on the merits, nor is any apparent from the face of the petition.  All of his allegations of harm are focused on his conditions of confinement which are not reviewable in a habeas corpus action.  For all these reasons, the undersigned recommends that petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice based on the Younger abstention doctrine.

Furthermore, even assuming that Younger abstention does not apply, petitioner's claims do not sound in habeas because they do not affect the fact or duration of his confinement.  See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (finding that conditions of confinement claims generally must be raised in an action for violation of civil rights under 42

---

[5] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions.

U.S.C. §1983, not a petition for writ of habeas corpus). Petitioner acknowledges this when he requests that this habeas petition be converted into a civil rights action pursuant to 42 U.S.C. § 1983. See ECF No. 1 at 21. Thus, his challenges do not fall within the "core of habeas" and should be summarily dismissed on that alternative basis.

The Ninth Circuit Court of Appeals has found that Younger abstention does not apply when a state pretrial detainee is challenging a trial court's order requiring involuntary medication to restore his competency to stand trial for murder. Bean v. Matteucci, 986 F.3d 1128 (9th Cir. 2021). However, in this case, petitioner is not directly challenging the order requiring his involuntary medication. Rather, he is challenging the initiation of criminal charges against him in the first place. As a result, the undersigned finds that the exception to Younger outlined in Bean does not apply to petitioner's case.

Lastly, to the extent that petitioner requests that his habeas petition be converted into a civil rights action, the undersigned recommends denying this request in the exercise of the court's discretion.[6] At the present time, petitioner has five open civil rights actions pending in this judicial district. See Bennett v. Monroe Detention Center, et al., No. 2:22-cv-02157-SCR (E.D Cal.); Bennett v. Newsom, et al., No. 2:24-cv-00005-DAD-EFB (E.D. Cal.); Bennett v. Via Path Technologies, et al., No. 2:24-cv-00769-TLN-CKD (E.D. Cal.); Bennett v. FBI, et al., No. 2:24-cv-01038-KJM-SCR (E.D. Cal.); Bennett v. Gocke, et al., No. 2:24-cv-01776-CKD (E.D. Cal.). Therefore, the record demonstrates that petitioner knows how to file a civil rights complaint, and, indeed he has done so many times during the course of his confinement on the present state criminal charges. Therefore, the court should not exercise its discretion to convert the pending habeas corpus petition into a civil rights complaint.

### IV. Plain Language Summary for Pro Se Party

Because petitioner is proceeding without the assistance of an attorney, the following information is meant to explain this order in plain English. It is not intended as legal advice.

---

[6] See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006).

After reviewing the habeas petition, the undersigned has concluded that the federal court should not intervene in your pending state criminal proceedings pursuant to the Younger abstention doctrine. Even if the Younger abstention doctrine does not apply to your case, your claims would not be reviewable in this habeas corpus action. It is also recommended that your request to convert your claims into a civil rights action be denied because you have already filed five separate § 1983 actions in this court which are pending.

If you disagree with these recommendations, you have 14 days to explain why they are wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review them and make the final decision about whether your case is dismissed.

Accordingly, IT IS HEREBY ORDERED that petitioner's motions for leave to proceed in forma pauperis (ECF Nos. 3,4) are granted.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice based on the Younger abstention doctrine;

2. Petitioner's request to recharacterize the present habeas corpus petition as a civil rights action pursuant to 42 U.S.C. § 1983 be denied in the exercise of the court's discretion; and,

3. All pending motions, including petitioner's motion for injunctive relief (ECF No. 9), be denied as moot in light of the recommended summary dismissal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Wilson v. Belleque, 554 F.3d 816, 824-825 (9th Cir. 2009)(holding that a certificate of

appealability is required for § 2241 petitions filed by state pretrial detainees). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 29, 2024

/s/ Carolyn K. Delaney
_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/benn2885.summ.dism.2241

7