1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID BENNETT,                              No.  2:23-CV-2885-TLN-CKD

12                       Petitioner,

13           v.                                   ORDER AND

14    TOM LOPEZ,                                  FINDINGS AND RECOMMENDATIONS

15                       Respondent.

16

17           Petitioner, a state pretrial detainee, is proceeding without counsel in this habeas corpus

18    action filed pursuant to 28 U.S.C. § 2254.  Also pending before the court are petitioner's motions

19    for injunctive relief as well as the appointment of counsel and a guardian ad litem to represent

20    him in these proceedings.  ECF Nos. 9, 11, 12, 13, 17, 22, 24, 29.  For the reasons explained

21    herein, the undersigned recommends granting respondent's motion to dismiss petitioner's habeas

22    application without prejudice to refiling as a civil rights action.

23           I.      Factual and Procedural Background

24           Petitioner is a pretrial detainee in county custody who is challenging three felony charges

25    stemming from events that occurred on February 15, 2023.[1]  At an unspecified point during his

26    state criminal proceedings, a doubt was declared about petitioner's competency and a psychiatric

27    ───────────────

28    [1]  Petitioner contends that he was charged with escape or attempted escape from jail and two
      counts of resisting an executive officer by means of threats, force, or violence.

                                                     1

1    evaluation was ordered.  As a result, petitioner has been transferred to and from the California

2    Department of State Hospitals.  See ECF Nos. 13, 26.  In his § 2254 application, petitioner asserts

3    that he was sentenced to serve two years on March 27, 2023.  ECF No. 1 at 1.  However, Yolo

4    County Superior Court records indicate that a trial has yet to be conducted.[2]  On May 21, 2025,

5    the state trial court determined that petitioner was competent to stand trial and scheduled his trial

6    to commence on June 23, 2025.  See Minute Order (May 21, 2025), available at

7    https://tinyurl.com/m4xknayp.

8         Petitioner raises four claims for relief in his § 2254 petition.  First, he asserts that the state

9    court denied him federal benefits and discriminated and retaliated against him by using California

10   Penal Code §§ 1367-1370 as punishment when he tried to refuse medication.  ECF No. 1 at 5.  In

11   claim two, petitioner asserts that the state court violated the Americans with Disabilities Act of

12   1990.  ECF No. 1 at 7.  Next, petitioner raises a First Amendment violation asserting that he was

13   denied access to the courts.  ECF No. 1 at 8.  Lastly, petitioner asserts that his Fourteenth

14   Amendment rights were violated because the state court acted with deliberate indifference to his

15   serious medical needs.  Id. at 10.  His last claim for relief also alleges that excessive force was

16   used against him on an unspecified date.  Id.

17        Petitioner acknowledges that he has not properly exhausted these claims in state court.

18   ECF No. 1 at 12.  However, he submits that the exhaustion of state court remedies should be

19   excused in his case because he is incompetent to stand trial or to represent himself under

20   California Penal Code § 1370.

21        The habeas petition requests various forms of relief including: 1) a declaratory judgment;

22   2) injunctive relief; 3) the appointment of counsel or a guardian ad litem; 4) compensatory and

23   punitive damages; 5) the termination of the pending criminal case against him; and, 6) a stay of

24   proceedings in order to exhaust his state court remedies.  ECF No. 1 at 15, 26.  Petitioner also

25   _____

26   [2]  This court takes judicial notice of the online docket of the Yolo County Superior Court pursuant to Rule 201(b)(2) of the Federal Rules of Evidence. People v. Bennett, Case Number CR2023-

27   0488 (Yolo County Superior Court), available at https://tinyurl.com/3pt34d4v. The court may properly take judicial notice of state court dockets, including those found on the internet. Porter v.

28   Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (footnote and citations omitted).

1  requests that this court convert his habeas petition into a civil rights action pursuant to 42 U.S.C.

2  § 1983. ECF No. 1 at 21.

3      On January 8, 2025, the court required respondent to file an answer to the habeas corpus

4  petition as well as to provide the court with a copy of petitioner's mental health records from the

5  Monroe Detention Facility in order to resolve petitioner's motion for the appointment of a

6  guardian ad litem. ECF No. 18.

7      Respondent filed a motion to dismiss the pending habeas petition on January 29, 2025

8  asserting that there is no cognizable claim for relief and, even if there was, the petition should be

9  dismissed because it is wholly unexhausted. ECF No. 20. Respondent principally argues that

10 petitioner's claims relate to his conditions of confinement and not the lawfulness of his detention.

11 ECF No. 20 at 2. Accordingly, these claims are properly raised in a civil rights action pursuant to

12 42 U.S.C. § 1983 and not a habeas corpus petition. Respondent further submits that state law

13 provides adequate procedural protections for petitioner to challenge his involuntary medication,

14 and that these protections must be exhausted before seeking federal court intervention. ECF No.

15 20 at 4 (citation omitted).

16     In his opposition, petitioner contends that the pending criminal charges against him were

17 brought by county officials to retaliate against him. ECF No. 27 at 1. As a result, he should not

18 be required to exhaust his state court remedies because this could lead to further retaliation. ECF

19 No. 27 at 1. He further contends that his petition raises valid First Amendment violations based

20 on this retaliation and his denial of access to the courts. Id. at 2. Petitioner requests that all

21 criminal charges against him be dropped based on this retaliation. Id. Regarding the issue of

22 habeas jurisdiction, petitioner contends that he is challenging the lawfulness of his arrest which is

23 a cognizable habeas claim. Id. at 4. He further submits that any § 1983 action challenging his

24 civil commitment would be Heck barred, so habeas is his only remedy. Id.

25     To the extent that petitioner is challenging his pending criminal charges, respondent

26 submits in his reply brief that the court should abstain from intervening in ongoing state criminal

27 proceedings. ECF No. 28. Construed as a challenge to the state superior court order mandating

28 petitioner's involuntary medication to restore his competency to stand trial, this claim should be

3

1   dismissed because it must be raised in a civil rights action.  ECF No. 28 at 2.

2       **II.**    **Legal Standards**

3       When a state prisoner challenges the legality of his custody and the relief he seeks is an

4   earlier or immediate release, his sole federal remedy is a writ of habeas corpus pursuant to 28

5   U.S.C. § 2254.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Alternatively, a prisoner may

6   file a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging specific conditions of

7   confinement.  Section 1983 provides civil remedies including monetary damages for injuries

8   caused by violations of federal law by persons acting under the color of state law.  "Suits

9   challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas

10   corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a

11   constitutional challenge to the conditions of his prison life, but not to the fact or length of his

12   custody.'"  Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) (quoting Preiser, 411 U.S. at

13   498-99).

14       **III.**    **Analysis**

15       As a preliminary matter, the court construes petitioner's habeas application as one filed

16   pursuant to 28 U.S.C. § 2241 since this is the proper procedural vehicle for challenging pretrial

17   confinement in the absence of a final state court judgment.  See McNeely v. Blanas, 336 F.3d

18   822, 824 n. 1 (9th Cir. 2003).

19       Petitioner's claims do not sound in habeas because they do not affect the fact or duration

20   of his confinement.  See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (finding

21   that conditions of confinement claims generally must be raised in an action for violation of civil

22   rights under 42 U.S.C. §1983, not a petition for writ of habeas corpus).  His claims based on the

23   ADA, the state court order requiring his involuntary medication, his First Amendment right of

24   access to the courts, and his Eighth Amendment right to be free from deliberate indifference, are

25   all actionable pursuant to 42 U.S.C. § 1983.  See Lewis v. Casey, 518 U.S. 343, 349 (1996)

26   (access to court claims); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference

27   claims); Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) (ADA claims);  Jones v.

28   Newsom, No. 1:20-cv-01583-NONE-EPG-HC, 2021 WL 634715 (E.D. Cal. Feb. 18, 2021)

1   (recognizing that allegations of forced or involuntary medication are properly raised in a § 1983

2   action).  Petitioner acknowledges as much when he requests that this habeas petition be converted

3   into a civil rights action pursuant to 42 U.S.C. § 1983.[3]  See ECF No. 1 at 21.  Thus, his

4   challenges do not fall within the "core of habeas."  The undersigned recommends granting

5   respondent's motion to dismiss the pending habeas petition without prejudice to refiling as a §

6   1983 action.[4]

7        Lastly, to the extent that petitioner requests that his habeas petition be converted into a

8   civil rights action, the undersigned recommends denying this request in the exercise of the court's

9   discretion.  At the present time, petitioner has six open civil rights actions pending in this judicial

10  district.  See Bennett v. Monroe Detention Center, et al., No. 2:22-cv-02157-SCR (E.D Cal.);

11  Bennett v. Newsom, et al., No. 2:24-cv-00005-DAD-EFB (E.D. Cal.); Bennett v. Via Path

12  Technologies, et al., No. 2:24-cv-00769-TLN-CKD (E.D. Cal.); Bennett v. FBI, et al., No. 2:24-

13  cv-01038-KJM-SCR (E.D. Cal.); Bennett v. Gocke, et al., No. 2:24-cv-01776-CKD (E.D. Cal.);

14  Bennett v. Lopez, et al., No. 2:25-cv-01283-EFB (E.D. Cal.).  Therefore, the record demonstrates

15  that petitioner knows how to file a civil rights complaint, and indeed he has done so many times

16  during the course of his confinement on the present state criminal charges.  Therefore, the court

17  should decline to exercise its discretion to convert the pending habeas corpus petition into a civil

18  rights complaint.

19        **IV.    Plain Language Summary for Party Proceeding Without a Lawyer**

20        Because petitioner is proceeding without the assistance of counsel, the following

21  information is meant to explain this order in plain English.  It is not intended as legal advice.

22        The undersigned has concluded that your claims are not reviewable in this habeas corpus

23  action because they challenge your conditions of confinement.  It is also recommended that your

24  request to convert your claims into a civil rights action be denied because you have already filed

25  ─────────────────────
    [3]  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to
26  construe a habeas petition attacking conditions of confinement as a complaint under section 1983
    despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other
27  grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006).
    [4]  In the interests of judicial economy, the court finds it unnecessary to address the remaining
28  grounds in respondent's motion to dismiss.

1    six separate § 1983 actions in this court which remain pending.

2         If you disagree with these recommendations, you have 14 days to explain why they are

3    wrong.  Label your explanation as "Objections to Magistrate Judge's Findings and

4    Recommendations."  The district court judge assigned to your case will review them and make

5    the final decision.

6         Accordingly, IT IS HEREBY ORDERED that:

7         1.  Respondent's request to vacate the court's January 8, 2025 order requiring respondent

8    to submit petitioner's mental health records and to enter a special appearance in petitioner's

9    pending civil rights cases is DENIED as moot.

10        2.  Respondent's request to seal petitioner's mental health records (ECF No. 21) is

11   GRANTED.

12        3.  The Clerk of Court shall file petitioner's mental health records from the Monroe

13   Detention Center under seal and *nunc pro tunc* to January 30, 2025 when they were electronically

14   submitted to the court.

15        **4.  In light of petitioner's repetitive and duplicative filings in this case, the court will**

16   **restrict petitioner's filings to one single set of objections to these Findings and**

17   **Recommendations.  Any additional requests, notices, or motions filed by petitioner will be**

18   **stricken from the docket as filed in violation of a court order.  No further filings will be**

19   **accepted by the court pending review of this matter by the district court judge assigned to**

20   **this case.**

21        IT IS FURTHER RECOMMENDED that:

22        1.  Respondent's motion to dismiss (ECF No. 20) be granted.

23        2.  Petitioner's application for a writ of habeas corpus be denied without prejudice to

24   refiling as a 42 U.S.C. § 1983 action.

25        3.  Petitioner's request to recharacterize the present habeas corpus petition as a civil rights

26   action pursuant to 42 U.S.C. § 1983 be denied in the exercise of the court's discretion.

27        4.  All pending motions, including petitioner's motions for a preliminary injunction (ECF

28   Nos. 9, 11, 17, 29) and motions for a guardian ad litem (ECF Nos. 12, 13, 24), be denied as moot

1    in light of the court's recommendation.

2        These findings and recommendations are submitted to the United States District Judge

3    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

4    after being served with these findings and recommendations, any party may file written

5    objections with the court and serve a copy on all parties.  Such a document should be captioned

6    "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

7    may address whether a certificate of appealability should issue in the event he files an appeal of

8    the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

9    court must issue or deny a certificate of appealability when it enters a final order adverse to the

10   applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of

11   appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it

12   debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of

13   reason would find it debatable whether the petition states a valid claim of the denial of a

14   constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

15   McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed

16   within fourteen days after service of the objections.  The parties are advised that failure to file

17   objections within the specified time may waive the right to appeal the District Court's order.

18   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19   Dated:  May 27, 2025

20                                              CAROLYN K. DELANEY
21                                              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27   Th/benn2885.F&R+GAL

28

7